THE CITY OF EAST ORANGE, A MUNICIPAL CORPORA-
TION OF THE STATE OF NEW JERSEY, PLAINTIFF-
APPELLANT, v. BOARD OF CHOSEN FREEHOLDERS,
COUNTY OF ESSEX, STATE OF NEW JERSEY, DEFEND-
ANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued October 18, 1965—Decided December 13, 1965.

Before Judges Conford, Kilkenny and Leonard.

*Mr. William L. Brach* argued the cause for appellant.

*Mr. William J. Straub* argued the cause for respondent (*Mr. Nicholas T. Fernicola,* attorney).

The opinion of the court was delivered by

Leonard, J. A. D. Plaintiff appeals from a summary judgment entered by the Essex County Court, in favor of defendant and against plaintiff, denying plaintiff's demand for interest on the sum of $85,000, paid by defendant to plaintiff for two parcels of land acquired by deeds from plaintiff for improvement purposes. Interest was claimed for the period between August 1, 1962, when defendant went into possession and the deeds were delivered, and August 13, 1963, when the purchase price was paid. Plaintiff also appeals from the court's denial of its alternate claim for damages for use and occupancy of the land during the period in issue. The opinion of the County Court is reported at 84 *N. J. Super.* 242 (1964).

This matter was submitted to the trial court upon an agreed statement of facts, which, as supplemented by exhibits, constitutes the factual record on this appeal.

Defendant initiated its proceeding to secure real estate for highway purposes pursuant to *N. J. S. A.* 27:16–54 *et seq.* On July 26, 1961, the Board of Water Commissioners of the City of East Orange (Water Board), by two separate letters, agreed with the Essex County Highway Right of Way Commission (Right of Way Commission), to accept $70,000 for a portion of the premises in question and $15,000 for the balance. On September 28, 1961 the Right of Way Commission rendered an award in the foregoing stipulated amounts, which award was filed with the Register of Essex County on September 29, 1961.

On June 7, 1962 the county engineer sent to the Water Board, for its approval, two forms of deeds necessary to consummate the agreement. On June 18, 1962 the Water Board,

by resolution, authorized the mayor and city clerk of plaintiff to execute the same. By similar resolution, dated July 17, 1962, plaintiff authorized execution thereof by these officials. Thus, these city officials were authorized to act for both plaintiff and the Water Board. Pursuant thereto, the two deeds, dated July 31, 1962 were executed and, on August 2, 1962, sent to the county engineer. Plaintiff City of East Orange was therein designated as the grantor.

Defendant went into possession of the subject premises and commenced construction of the proposed improvement on or about August 1, 1962.

On December 27, 1962 defendant was advised by Lawyers Clinton Title Insurance Company, from whom it sought title insurance, that it *would not insure title* based upon the aforementioned deeds, but that it required an additional deed executed by the Water Board. This demand was made as a result of an appeal pending in the litigation between plaintiff and the Water Board. See *City of East Orange v. Board of Water Commissioners of City of East Orange*, 73 *N. J. Super.* 440 (*Law Div.* 1962), affirmed 40 *N. J.* 334 (1963).[1]

Sometime after December 27, 1962 and prior to April 3, 1963 plaintiff was advised of the position taken by defendant's title insurer, and on the latter date appropriate resolutions of the Water Board were forwarded to defendant's counsel. On April 18, 1963 plaintiff's counsel was sent a copy of a letter sent by the title company to defendant's counsel in which the company stated that in addition to the two city deeds it required two quitclaim deeds from the Water Board. The requested deeds were forwarded to defendant the next day. On June 6, 1963 defendant returned the deeds to plaintiff for changes and additions, and on June 21, 1963 plaintiff

---

[1] One of the basic issues in that case was whether the City Council of East Orange or the Water Board had the power to transfer interest in the lands involved herein. The Supreme Court affirmed the Law Division decision that title thereto was vested in the city and that the city council had the power of transfer. The lower court opinion was rendered on March 30, 1962; that of the Supreme Court on June 13, 1963.

returned them as modified, together with an appropriate resolution by the Water Board. Thereafter, voucher forms were sent to and returned by plaintiff, and on August 13, 1963 a check in the amount of $85,000 was forwarded to plaintiff which was accepted without prejudice to its claim for interest on that sum from August 1, 1962 until August 13, 1963.

Plaintiff contends that there was a taking of the property involved herein, by defendant, on August 1, 1962 under eminent domain proceedings, and therefore plaintiff is entitled to interest from that date by virtue of *N. J. S. A.* 27:16–65, or upon general equitable principles usually applicable in such proceedings. Defendant denies that there was a proceeding in eminent domain involved herein, but, to the contrary, asserts that defendant acquired title by virtue of a voluntary agreement as to purchase price and, therefore, plaintiff is not entitled to interest for either of the reasons it alleges. Defendant, in the alternative, asserts that, even if there was a taking under eminent domain, *N. J. S. A.* 27:16–65 is not applicable, and further, even under equitable principles, plaintiff is not entitled to interest.

Defendant was authorized to acquire real estate for highway purposes by *purchase,* gift or condemnation. *N. J. S. A.* 27:16–2. If it could not acquire said real estate by agreement with the owners thereof, the compensation to be paid therefor had to be ascertained and paid in the manner set forth in the condemnation statute. *N. J. S. A.* 27:16–42.

■ The parties hereto were empowered to enter into a voluntary agreement for the conveyance of the land herein involved and if they in fact did so, it would not be necessary for defendant to pursue the statutory procedure for the condemnation of the same. However, defendant, prior to negotiating with plaintiff, had appointed a County Highway Right of Way Commission which was empowered to make awards for real estate to be taken for highway purposes under *N. J. S. A.* 27:16–54 *et seq.* The Water Board did not tender an executed deed to defendant in exchange for a specific purchase

price set forth therein. Rather, on July 26, 1961 it wrote to the Right of Way Commission and agreed *"to accept the award"* in the total sum of $85,000 "for conveyance of title and as and for all damage suffered by the undersigned *by reason of the taking"* of the two tracts of land involved herein, and further agreed to convey said premises after the *"filing of award with the County Register."* (Emphasis added) Pursuant to this agreement, as hereinbefore noted, the Right of Way Commission did render and file an award in said amount for the premises.

Thus, the parties hereto did adopt the procedure set forth in the condemnation statute. An award in the nature of a consent judgment was entered and filed. This award had adjudicative effect equal to one entered in an adversary proceeding after a hearing by the commission; the fact that it was entered by consent does not change the effect thereof. *Pope v. Kingsley,* 40 *N. J.* 168, 173 (1963). See *N. J. Highway Authority v. Ellis,* 24 *N. J.* 1 (1957). We therefore determine that plaintiff's lands were acquired by condemnation pursuant to *N. J. S. A.* 27:16–54 *et seq.* and that the question of whether or not plaintiff is entitled to interest must be resolved upon this premise.

Defendant further contends that there was a mere delay in closing title and, if the delay had occurred between private parties, there would be no basis for assessing interest. We deem this analogy to be inappropriate. If such a delay took place between private parties, the purchaser would not normally enter into possession of the lands before final closing, unless special provision for so doing was made.

Plaintiff argues that *N. J. S. A.* 27:16–65 clearly establishes the rule that defendant must pay interest to the date of payment of an award made by the Right of Way Commission and, if any uncertainty existed with regard thereto, defendant should have deposited the amount of the award in court, and only by so doing could the running of interest have been stopped.

*N. J. S. A.* 27:16–65 provides as follows:

"If an uncertainty exists as to who is entitled to the amount awarded, or if the board of chosen freeholders is unable to tender the award by reason of the incapacity or absence of any person entitled thereto, or if there exists an unsatisfied lien upon the property to be taken, or any person refuses to receive the award, or an appeal from the award is taken, it may be paid into the Superior Court and shall be distributed to the person entitled thereto according to law. Payment into the Superior Court shall operate to stop the running of interest upon an award thereafter made to the amount of the deposit.

The owner or owners or the board of chosen freeholders of the county, feeling aggrieved by an award for any real estate taken for any such improvement, may appeal to the Superior Court at any time within sixty days after the filing of the report in the office of the county clerk or register of deeds, as the case may be. The appeal shall be taken by bringing an action in the court in accordance with chapter one of the Title Eminent Domain (§ 20:1 et seq.) of the Revised Statutes to have the court award the damages anew. The completion of the improvement shall not be delayed thereby and the county may proceed with the improvement as though the appeal had not been taken."

This section contains no specific provision affirmatively providing for the payment of interest. It appears in part intended to apply to the situation where the amount awarded by the Right of Way Commission cannot be paid or tendered for the reasons therein specified, or to that where an appeal from the award is taken. In such cases the amount of the award may be paid into court and it shall be distributed to the person determined by law to be entitled thereto. However, it further provides that said payment "shall operate to stop the running of interest *upon an award thereafter made* to the amount of the deposit." (Emphasis added) It is this ambiguous and inept provision that makes construction most difficult.

The second paragraph of the section provides for an appeal by either the owner or the county, in the event either feels aggrieved by an award. In such cases provision is made to "have the court award the damages anew." This is the only instance where there could be an award "thereafter made." In all other instances the amount of the original award would

not vary and all that would remain to be determined is the person entitled thereto according to law.

The trial court so construed this section and thus limited its application solely to the situation when an appeal is taken, in which case interest would be payable if the amount of the award was not so deposited into court.

A search of all sections of *Title 27, chapter* 16, fails to reveal any direct reference to interest or any specific indication of legislative intent with reference thereto. Plaintiff asserts that the mandate to pay the same is implied in *section* 65 and is to be further implied from the provision of *section* 42 which directs compensation to be "ascertained and paid" in an action in "accordance with Chapter one of Title 20 of the Revised Statutes." He thus points to *R. S.* 20:1–13, which provides that where the State takes possession of land pursuant to condemnation and does not pay the amount awarded by the duly appointed commissioners within 20 days after the filing of their report, the owner has the right to recover the amount awarded with *interest* and costs.

In the absence of a direct statutory mandate and in view of the obscure statutory language contained in said section, we are hesitant to render a construction that would impliedly create an absolute obligation to pay interest under the circumstances herein. This is particularly so when, for the reasons hereinafter stated, such a construction is not necessary to the resolution of this appeal.

In *N. J. Highway Authority v. Ellis, supra,* the court said:

"Whether interest must be paid on the value of land taken in a condemnation proceeding constitutionally depends on whether there is a lapse of time between the date of the actual taking of the property and the tender of or payment of the value of the property so taken. The amount of interest and when it should be paid in turn depends on specific provisions with respect to interest in a statute or where there is no such provision then on general equitable principles." (24 *N. J.*, at *p.* 7)

It is our determination that general equitable principles, as applied to the facts of this case, require defendant to pay interest to plaintiff on the $85,000 from August 1, 1962

(the day when defendant went into possession of plaintiff's premises) until August 13, 1963 (date of payment).

In spite of the then pending litigation concerning the premises, plaintiff and the Water Board cooperated fully at all times with defendant in promptly complying with its every request. When defendant entered possession of the premises, it had already received the necessary deeds as requested by it from plaintiff, duly authorized by resolution not only by plaintiff but by the Water Board as well. It was not until eight months later that defendant sent plaintiff's counsel a copy of a letter from its title company requesting two additional deeds to be executed by the Water Board. These were executed and sent to defendant the next day. Defendant did not return them for corrections until approximately six weeks later. From August 1, 1962, even though the premises were not income-producing, the assets of plaintiff were reduced in an amount equal to the value thereof. Further, plaintiff was deprived of an opportunity to invest the monetary equivalent of the land. In addition, it was stipulated during oral argument that plaintiff paid taxes on said land, for the years of 1962 and 1963, to the Township of Livingston (wherein the lands were located).

Plaintiff's legal title to the lands was never challenged by defendant; its title company was "unwilling to pass title" merely by reason of the pending litigation. However, in view of the initial authorization by the Water Board to plaintiff to execute the deeds, defendant could have paid plaintiff at an early date without fear of having to pay again. In any event, it could have done in August 1962 that which it finally did in August 1963; that is, make its check payable to "the City of East Orange *or* the Board of Water Commissioners of the City of East Orange." It was stipulated by counsel that if defendant had deposited the purchase price in court, the sum deposited would have earned interest.

Although, as above stated, we deem interest to be equitably payable by defendant to plaintiff from August 1, 1962 to August 13, 1963, we feel at the same time that equitable

considerations do not warrant a payment of 6%. Plaintiff at oral argument so conceded. Therefore, we determine that interest should be paid at the annual rate of 4%, for the aforesaid period on the sum of $85,000.

In view of the foregoing, it becomes unnecessary to consider plaintiff's alternate theory of recovery, *i.e.*, the value for use and occupancy.

Reversed and remanded to the Essex County Court for the entry of a judgment in accordance herewith.