188 N.J. Super. 1 (1982)
455 A.2d 1119
DIVISION OF YOUTH AND FAMILY SERVICES, NEW JERSEY DEPARTMENT OF HUMAN SERVICES, PLAINTIFF-APPELLANT,
v.
COUNTY OF MIDDLESEX, ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 27, 1982.
Decided May 12, 1982.
*2 Before Judges MATTHEWS, PRESSLER and PETRELLA.
Ivan J. Punchatz, Deputy Attorney General, argued the cause for appellant (Irwin I. Kimmelman, Attorney General of New Jersey, attorney; James R. Zazzali, former Attorney General of New Jersey; Erminie L. Conley, Assistant Attorney General, of counsel; Ivan J. Punchatz on the brief).
Edward J. Santoro, Jr., Assistant County Counsel, argued the cause for respondent (John J. Hoagland, Middlesex County Counsel, attorney).
PER CURIAM.
Plaintiff Division of Youth and Family Services (DYFS) appeals from that portion of the judgment of the Superior Court, Law Division, denying its claim for prejudgment interest on the amount found due it by defendant Middlesex County.
In general terms, DYFS is charged with the responsibility for providing, through a variety of programs, necessary resources *3 and facilities for children whose needs cannot or are not being met by their families. See N.J.S.A. 30:4C-1 et seq., and more particularly 30:4C-2(a) and 30:4C-4. Financing of the cost of child services is provided for by N.J.S.A. 30:4C-27, which incorporates the provisions of N.J.S.A. 30:4C-29 to 40. To the extent here relevant, N.J.S.A. 30:4C-30 establishes a cost-sharing scheme pursuant to which 75% of the cost for each child is borne by the State and 25% of the cost is borne by the county of the child's residence at the time of the institution of the action for care, custody or guardianship by DYFS. That statutory section also contemplates monthly billings by DYFS to the counties and monthly payments by the counties to DYFS. Excepted from the cost-sharing scheme is hospital care for which the total cost is required to be borne by the State. N.J.S.A. 30:4C-30.1.
Subsequent to the enactment and the most recent amendments of N.J.S.A. 30:4C-1 to 44, in 1962, the Legislature, by L. 1973, c. 81, adopted an act, codified as N.J.S.A. 30:4C-45 to 49, dealing with children determined to be hard to place for adoption by reason, among others, of physical or mental condition, age, race or membership in a sibling group. N.J.S.A. 30:4C-46. When there are appropriate adoptive families willing to adopt such children and the only impediment to adoption is the inadequate financial ability of the prospective adoptive family, the act encourages the adoption by authorizing DYFS to make subsidy payments to the adoptive families. N.J.S.A. 30:4C-46, 47. The act itself is silent on the cost of the program except for its statement of intent, N.J.S.A. 30:4C-45, which provides that the legislative purpose is to "benefit hard-to-place children in foster care at State expense."
Starting in 1977 the monthly billing by DYFS to Middlesex County included an amount representing 25% of the expense for administering the subsidized adoption program for children of that county. County counsel's opinion was requested with respect to the county's obligation to contribute to the program in *4 accordance with the general cost-sharing scheme. His written response, forwarded by the county to DYFS, read in pertinent part as follows:
The reimbursement requested by the Division of Youth and Family Services for subsidies for adopted children should be denied since it is the opinion of this office that N.J.S.A. 30:4C-45 requires that these subsidies be "at State expense". There is nothing contained in the adoption statute regarding a portion of the subsidies for adopted children to be borne by the County.
It appears that this response notwithstanding, DYFS continued to bill the county for 25% of the program and, based on the opinion, the county did not remit any payments to DYFS for that component of the monthly billing. Neither party apparently took any further action to resolve the dispute until February 1980, when DYFS instituted this action against the county seeking recovery of the unpaid billings. An answer denying liability was filed in March 1980. The record does not indicate anything else occurring in respect of the prosecution or defense of the litigation until March 1981, when DYFS moved for summary judgment. The certifications filed in support of that motion showed that between December 1977 and November 1980 DYFS had billed the county a total of $1,401,315, of which the county had paid $1,335,473. The remaining sum of $65,842, approximately 4 1/2% of the billed total, represented the county's 25% share of the subsidized adoption program for that period.
At the hearing on the motion by DYFS for summary judgment, different county counsel, stating her disagreement with the opinion of her predecessor, conceded the county's obligation, under N.J.S.A. 30:4C-27, to pay for 25% of the subsidized adoption program. Judgment was accordingly entered against the county in the amount of $65,842, with the further directive that it pay DYFS the billed amounts for the period following November 1980. The trial judge denied DYFS's claim for prejudgment interest, however, concluding that the county was entitled to rely and had in good faith relied on the opinion of counsel, which was, furthermore, not "frivolous."
*5 We affirm the judge's action since we are satisfied that it represented a reasonable exercise of discretion. The allowance of prejudgment interest in contract and contract-like actions, even on liquidated claims, is not a litigant's right but rests rather in the court's discretion, required to be exercised in accordance with equitable principles and considerations. See Bak-A-Lum Corp. v. Alcoa Building Prod., 69 N.J. 123, 131 (1976); Manning Engineering, Inc. v. Hudson Cty. Park Comm'n, 71 N.J. 145, 159 (1976). When the judgment-debtor is a governmental agency and interest in the cause is not provided for by statute, particular circumspection in the granting of interest is required. See Consolidated Police, etc., Pension Fund Comm. v. Passaic, 23 N.J. 645 (1957); East Orange v. Palmer, 52 N.J. 329 (1968). And see East Orange v. Essex Cty. Freeholder Bd., 89 N.J. Super. 493 (App.Div. 1965).
We agree with DYFS's contention that the orderly administration of its salutary programs depends upon reliable financing and, therefore, requires prompt payment by the counties of their respective shares of operational costs. Nevertheless, and counterbalancing this desideratum, are the facts that the statute itself makes no provision for interest on delinquent county payments, the implementing rules and regulations of DYFS contain no provision, the county's legal position was reasonably debatable, and even though the county took no legal action to procure a prompt adjudication of its payment obligation, neither did DYFS act with any expedition to procure a prompt adjudication of its right to payment. The sum involved represented, moreover, a very small fraction of the county's overall obligation to DYFS, the balance of which was promptly and regularly paid. Under all of these circumstances, we are satisfied that the rationale relied on by the court in Consolidated Police, etc., Pension Fund Comm. v. Passaic, supra, in denying prejudgment interest is fully applicable here.
Affirmed.