187 N.J. Super. 433 (1982)
455 A.2d 491
ANN KLEIN, COMMISSIONER OF THE DEPARTMENT OF HUMAN SERVICES, STATE OF NEW JERSEY; AND CLIFFORD A. GOLDMAN, STATE TREASURER, STATE OF NEW JERSEY, PLAINTIFFS-RESPONDENTS,
v.
COUNTY OF HUDSON; BOARD OF CHOSEN FREEHOLDERS, COUNTY OF HUDSON, EDWARD F. CLARK, JR., HUDSON COUNTY EXECUTIVE, EUGENE F. BRUNNER, HUDSON COUNTY TREASURER, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued June 8, 1982.
Decided June 22, 1982.
*434 Before Judges MATTHEWS, PRESSLER and PETRELLA.
Jay M. Liebman, First Assistant County Counsel, argued the cause for the appellants (Francis P. Morley, Hudson County Counsel, attorney).
Joseph T. Maloney, Deputy Attorney General, argued the cause for the respondents (Irwin I. Kimmelman, Attorney General of New Jersey, attorney; Erminie L. Conley, Assistant Attorney General of counsel; Joseph T. Maloney on the brief).
PER CURIAM.
Defendant County of Hudson appeals from a judgment of the Law Division requiring it to pay the State of New Jersey $13,294,934.04 plus prejudgment interest in the amount of $901,140.84. The judgment was based on the court's conclusion that the county was obligated under Title 30 to pay one-half the cost of care and maintenance for those indigents confined or housed at 14 state institutions and specialized residential services who had their legal settlements in Hudson County pursuant to N.J.S.A. 30:4-49.
We affirm the judgment below substantially for the reasons set forth by Judge Tarleton in his written opinion dated June 20, 1980.
We add, however, several observations regarding allowance of prejudgment interest. As we recently stated in Youth and Family Services Div. v. Middlesex Cty., 188 N.J. Super. 1 (App.Div. 1982),
The allowance of prejudgment interest in contract and contract-like actions, even on liquidated claims, is not a litigant's right but rests rather in the court's discretion, required to be exercised in accordance with equitable principles and considerations. See Bak-A-Lum Corp. v. Alcoa Building Prod., 69 N.J. 123, 131 (1976); Manning Engineering, Inc. v. Hudson Cty. Park Comm'n, 71 N.J. 145, 159 (1976). When the judgment-debtor is a governmental agency and interest in the cause is not provided for by statute, particular circumspection in the granting of interest is required. See Consolidated Police, &c., Pension Fund Comm. v. Passaic, 23 N.J. 645 (1957); City of East Orange v. Palmer et al., 52 N.J. 329 (1968). And see East Orange v. Bd. of Chosen Freeholders, Essex Cty., 89 N.J. Super. 493 (App.Div. 1965). [at 5]
*435 Ultimately, then, the question is always whether or not the trial judge mistakenly exercised his discretion in applying these principles. In Middlesex Cty., supra, we concluded that the judge properly exercised his discretion in rejecting the interest claim. We are equally satisfied here that Judge Tarleton properly exercised his discretion in allowing interest and in allowing it in the amount specified by him. In addition to the factors stated by him, which in his view justified the interest award, we further note the representations made to us at oral argument to the effect that Hudson County, throughout its controversy with the State, had available to it the funds necessary to pay the State and had in fact invested those funds in certificates of deposit returning a substantially greater rate of return than the interest percentage fixed by the trial judge. The actual effect of the interest award therefor was not, as it could have been, to require Hudson County to pay the State for the use of money wrongfully withheld but rather merely to require the County to share with the State the benefits reaped by the County in using funds which were rightfully the State's. Under these circumstances, coupled with those relied on by the trial judge, the interest award was virtually compelled by considerations of fundamental fairness and equity.
Affirmed.