FRANK GUNDERSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gunderson v. Commissioner
Docket No. 7972-77.
United States Tax Court
T.C. Memo 1979-99; 1979 Tax Ct. Memo LEXIS 427; 38 T.C.M. (CCH) 464; T.C.M. (RIA) 79099; March 20, 1979, Filed Frank Gunderson, pro se. William J. Falk, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined an income tax deficiency against petitioner for 1974 in the amount of $1,559.63. The sole issue is the taxability of $6,100 received by petitioner, Frank Gunderson, in 1974 from Southern Illinois University for release of all claims arising out of his employment as an instructor at Southern Illinois *428 University. FINDINGS OF FACT Some of the facts have been stipulated and are so found. At the time of filing his petition herein, Frank Gunderson resided in Carterville, Ill.
Beginning in 1969 and continuing for several years thereafter, petitioner taught foreign languages at Southern Illinois University (SIU). In December 1973 the Illinois Board of Higher Education adopted a budget for its fiscal year 1975 in which it reduced SIU's budget for the same period by an amount in excess of $2.5 million. Due to this reduction in its budget, SIU on December 13, 1973, passed a resolution declaring a financial exigency.In this resolution, it was determined that to implement the reduced budget it would be necessary to terminate the employment of some employees of SIU. Pursuant to this, termination notices effective at the end of the 1974 academic year (June 1974) were sent by SIU in December 1973 to approximately 104 persons, one of whom was petitioner. Shortly thereafter, in anticipation of a multiplicity of lawsuits arising from the dismissals, SIU filed a declaratory judgment class action suit seeking a judicial declaration that a bona fide financial exigency had necessitated *429 the dismissal of 104 employees. Subsequently, SIU began negotiating settlements with each employee to be terminated, including petitioner. In this connection, petitioner in June 1974 agreed to a cash settlement with SIU under the terms of which petitioner would receive $6,100 in return for his execution of a "Release of All Claims" agreement. The essential terms of this release agreement were: (a) that petitioner released SIU "from any and all manner of action or actions, either in law or in equity, contract, tort, or otherwise, which [petitioner] might now have against [SIU], and more particularly the claims or demands arising out of the employment or lack thereof, as an Instructor in the Department of Foreign Languages and Literatures;" and (b) that the "release is in settlement of any and all claims arising out of the employment or lack thereof of [petitioner];" and (c) "that this settlement is the compromising of a disputed claim, and that the payment or any other agreements contained herein shall not be construed as an admission of liability on the part of [SIU], by whom liability is presently denied." The intent of SIU in entering into this agreement with petitioner, *430 as well as with the other terminated personnel, was to make a lump-sum settlement of all claims arising out of the employment or lack thereof without attempting to allocate the amount of the settlement to the various disputed claims by any individual terminated. In determining the amount of the termination settlement, SIU took into account various factors including the particular individual's salary, sabbatical leave, accumulated sick leave, vacation time, and pending retirement. [1]
In June 1974 petitioner terminated his employment with SIU and received $6,100 upon his execution of the release agreement set out above. During the calendar year 1973, petitioner received a salary of $12,135 from SIU for his services as an instructor. In 1974 SIU paid petitioner a pre-termintion salary of $6,630 and a termination settlement of $6,100 totaling $12,730. [2]
In computing his taxable income *431 for 1974, petitioner excluded the $6,100 termination settlement. Respondent in his statutory notice of deficiency included the full amount in petitioner's income. OPINION The sole issue for our determination is whether the sum of $6,100 received by petitioner pursuant to a "Release of All Claims" agreement constitutes taxable income. While petitioner makes no specific arguments, we presume he contends that he is entitled to exclude this amount under section 104(a)(2) [3] because the money received represents damages by way of settlement for personal injury. [4] Respondent contends that the $6,100 received by petitioner is taxable income under section 61(a). We do not agree with petitioner and hold that the $6,100 payment constituted taxable income under the broad language of section 61(a). [5]
*432 At the outset, we note that the Commissioner's determination is presumed to be correct and that the burden of proof rests upon the taxpayer to bring himself within any claimed exclusionary provision of the Code. We find that petitioner has failed to meet the burden placed upon him. The essential question in a case such as this is: What is "the 'basic reason' for the * * * payment," Agar v. Commissioner,290 F.2d 283 (2d Cir. 1961); or phrased differently: What was "the intent of the payor as to the purpose in making the payment," Knuckles v. Commissioner,349 F.2d 610 (10th Cir. 1965). Thus, we must examine the evidence bearing on the reason for or intent of SIU in making the payment. It is clear from the facts that SIU intended to make a lump-sum settlement of all claims arising out of the employment or lack thereof of the terminated personnel. In this regard, there is no evidence that petitioner, in negotiating the termination settlement, asserted any claim or argument based on tort or tort-type rights. Nor is there any factual basis in the record upon which we could make an allocation of the settlement to any specific claims that petitioner *433 might have asserted against SIU. The payment was not made with respect to settlement of any pending legal action brought by petitioner. Moreover, SIU expressly denied any liability. Finally, in negotiating these settlements, SIU took into account factors which included salary, sabbatical leave, accumulated sick leave, and vacation time. We think this indicates that the payment was merely compensation for an additional period of time. In short, it appears from the evidence that petitioner did not suffer any tortious injury and that his rights against SIU, if any, would have essentially been contractural in nature. Accordingly, we hold that petitioner is not entitled to exclude from income all or any part of the $6,100 received from SIU in 1974. Further, we hold that such amount constitutes gross income under section 61. Knuckles v. Commissioner,supra;Agar v. Commissioner,supra;Sec. 1.61-2(a)(1), Income Tax Regs.See also, Commissioner v. Glenshaw Glass Co.,348 U.S. 426 (1955). To reflect the foregoing, Decision will be entered for the respondent. Footnotes
1. The declaratory judgment action was dismissed in June 1974 upon SIU's motion when it appeared that most of the terminated individuals had signed releases and accepted termination settlements.↩
2. At the time of his termination, petitioner was paid a salary of about $1,020 a month.↩
3. Unless otherwise indicated, all section reverences are to the Internal Revenue Code of 1954, as amended. ↩
4. SEC. 104. COMPENSATION FOR INJURIES OR SICKNESS.
(a) In General.--* * * gross income does not include-- * * *
(2) the amount of any damages received (whether by suit or agreement) on account of personal injuries or sickness; * * *
Sec. 1.104-1(c), Income Tax Regs., states: Damages received on account of personal injuries or sickness. * * * The term "damages received (whether by suit or agreement)" means an amount received * * * through prosecution of a legal suit or action based upon tort or tort type rights, or through a settlement agreement entered into in lieu of such prosecution. ↩
5. SEC. 61. GROSS INCOME DEFINED.
(a) General Definition.--Except as otherwise provided in this subtitle, gross income means all income from whatever source derived * * *.↩