**Paul E. VILLAUME and Katherine Villaume, Plaintiffs,**

v.

**The UNITED STATES of America, Defendant.**

**Civ. No. 4–84–970.**

United States District Court, D. Minnesota, Fourth Division.

June 7, 1985.

**186**

Lee N. Johnson, Green, Merrigan, Johnson & Quayle, Minneapolis, Minn., for plaintiffs.

James M. Rosenbaum, U.S. Atty., and Mary Carlson, Asst. U.S. Atty., Minneapolis, Minn., and Beth Sabbath, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

MacLAUGHLIN, District Judge.

This matter is before the Court on defendant's motion for partial summary judgment. Defendant's motion will be granted.

**FACTS**

The case before the Court is a refund action brought by plaintiffs Paul and Katherine Villaume to recover income taxes paid by them to the United States for the year 1980. Plaintiffs allege that $17,968 which they received in settlement of a lawsuit is excludable from income.

Plaintiff Paul Villaume was employed as a real estate salesman for the sale of the St. Paul Hotel in 1978. Plaintiff alleges that there was an agreement that he would receive a $40,000 commission for this sale, and that he only received $20,000 of this commission. At some point in 1979, plaintiff filed an action in Ramsey County District Court which sought to recover the $20,000 in unpaid commissions as well as $100,000 in exemplary or punitive damages resulting from the defendants' actions in "willfully, wrongfully and maliciously" withholding the amount of money due to plaintiff. While plaintiffs' complaint in the state court action did not seek damages for personal injury or set forth a cause of action in slander or libel, the plaintiffs now contend that a major ingredient of the lawsuit was plaintiff Paul Villaume's loss of business and personal reputation as a result of alleged defamatory remarks made by one of the principals or agents for the state court defendants. The action settled in 1980, prior to trial, for $20,000. There was no allocation in this settlement made between punitive damages and regular contract damages. Likewise, the parties did not expressly agree that any portion of the settlement was attributable to personal injury damages. The plaintiffs were allowed

for tax purposes to reduce the $20,000 figure by $2,032, the amount of legal expense incurred by them in bringing the action. The remaining sum, $17,968, is the amount at issue in the instant lawsuit.

Plaintiffs filed the instant action in September, 1984, seeking, *inter alia*,[1] a refund of the taxes paid to the United States on the proceeds from the settlement, on the ground that this money did not constitute income. Defendants now move for partial summary judgment, arguing that the character of plaintiffs' settlement of the state court lawsuit is beyond factual dispute, and that the proceeds of that settlement are includable as income.

## DISCUSSION

A defendant is not entitled to summary judgment unless the defendant can show that no genuine issue exists as to any material fact. Fed.R.Civ.P. 56(c). Summary judgment is an extreme remedy that should not be granted unless the moving party has established a right to judgment with such clarity as to leave no room for doubt and unless the nonmoving party is not entitled to recover under any discernible circumstances. *E.g., Vette Co. v. Aetna Casualty & Surety Co.*, 612 F.2d 1076, 1077 (8th Cir.1980). In considering a summary judgment motion, a court must view the facts most favorably to the nonmoving party and give that party the benefit of all reasonable inferences that can be drawn from the facts. *E.g., Hartford Accident & Indemnity Co. v. Stauffer Chemical Co.*, 741 F.2d 1142, 1144–45 (8th Cir.1984). The nonmoving party may not merely rest upon the allegations or denials of the party's pleading, but must set forth specific facts, by affidavits or otherwise, showing that there is a genuine issue for trial. *Salinas v. School District of Kansas City*, 751 F.2d 288, 289 (8th Cir.1984).

The Internal Revenue Code adopts a broad, all-inclusive definition of gross income: "[e]xcept as otherwise provided in this subtitle, gross income means all income from whatever source derived...."

26 U.S.C. § 61(a). The United States Supreme Court has recognized on a number of occasions that the language of the Code's definition of gross income was used by Congress to exert "the full measure of its taxing power." *Commissioner v. Glenshaw Glass Co.*, 348 U.S. 426, 429, 75 S.Ct. 473, 475, 99 L.Ed. 483 (1955); *Helvering v. Clifford*, 309 U.S. 331, 334, 60 S.Ct. 554, 556, 84 L.Ed. 788 (1940). The Code specifically excludes from income "the amount of any damages received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal injuries or sickness." *Id.* § 104(a)(2).

The tax consequences of an award of damages or a settlement depends upon the nature of the litigation and on the origin and character of the claims, but not on the validity of such claims. *Woodward v. Commissioner*, 397 U.S. 572, 90 S.Ct. 1302, 25 L.Ed.2d 577 (1970). The proper inquiry is to determine for what purpose the damages were awarded or the settlement made. *Fono v. Commissioner*, 79 T.C. 680 (1982), *aff'd*, 749 F.2d 37 (9th Cir.1984). In order to ascertain the nature of the damages or settlement, courts look to the allegations contained in the taxpayer's original and amended complaints, the evidence presented, and the arguments made in the state court proceeding. *See Church v. Commissioner*, 80 T.C. 1104 (1983). Several courts have noted that the most important fact in the determination of the nature of the settlement is the intent of the payor in making the settlement. *Whitehead v. Commissioner*, 41 T.C.Memo 1980–508 (1980); *Knuckles v. Commissioner*, 349 F.2d 610 (10th Cir.1965); *Agar v. Commissioner*, 290 F.2d 283 (2d Cir.1961).

In the instant case, the plaintiffs concede that the proceeds of the settlement are includable as income to the extent that they represent recovery of plaintiff Paul Villaume's unpaid commissions. Recovery of unpaid commissions would clearly be compensation for services rendered and would

---

1. Plaintiffs also allege that they are entitled to take $1,160.53 in deductions as business expenses. This portion of the complaint is not before the Court on the instant motion.

therefore be taxable. *Fono v. Commissioner; Glynn v. Commissioner,* 76 T.C. 116 (1981), *aff'd,* 676 F.2d 682 (1st Cir. 1982). Plaintiffs contend, however, that the settlement must be apportioned between the amount attributable to the commissions and the amount attributable to personal damages, the latter being excluded from income. Defendant argues that since the $20,000 received in settlement is the exact amount which plaintiff Paul Villaume sought to recover in commissions, it is reasonable to conclude that the entire settlement is attributable to the commissions. The tax court in *Whitehead v. Commissioner* found that a settlement was intended to cover lost income, and in so doing noted that it was significant that the amount settled for was the same amount as the plaintiff's salary. Despite the tax court's comment in *Whitehead,* the Court will reach its determination on other grounds.

Defendant contends that even if the settlement is not entirely attributable to unpaid commissions, it is nevertheless taxable in its entirety because the remainder of plaintiff Paul Villaume's complaint in state court sought punitive damages or damages for injury to Villaume's business reputation. In *Commissioner v. Glenshaw Glass Co.,* 348 U.S. 426, 75 S.Ct. 473, 99 L.Ed. 483 (1955), the Supreme Court held that money received as exemplary damages for fraud or as the punitive two-thirds portion of a treble-damage antitrust recovery must be reported by a taxpayer as gross income. Accordingly, the defendant contends that to the extent the settlement was intended to cover punitive damages or damages to business reputation, the proceeds must be considered income. Defendant therefore argues that the entire settlement must be included as income.

Plaintiffs' opposition to defendant's motion for summary judgment rests primarily on their assertion that a major ingredient in the state court suit was a claim for damages for personal injuries to plaintiff Paul Villaume. These damages allegedly arose from the state court defendants' libel and slander of Villaume. Plaintiffs concede that the complaint in state court only sought damages for breach of contract and punitive damages, and that it did not make any reference to slander or libel, or otherwise seek personal damages. They argue, however, that the complaint alone cannot be considered determinative as to the nature of Villaume's settlement, since the complaint could and would have been amended before trial. Minnesota Rule of Civil Procedure 15. In support of their contention that a substantial amount of the settlement was for personal injuries suffered by Paul Villaume, plaintiffs submit an affidavit by Paul E. Thuet, Jr., Villaume's attorney in the state court action. Thuet makes the following statements in his affidavit:

> That upon the institution of the lawsuit and shortly thereafter, it developed that a principal issue for determination was the personal injury to the plaintiff, Paul E. Villaume, by way of libel, slander and disparagement of character.

> That the attorneys for the defendants in that action were aware of the claims he made on behalf of his client for libel, slander and disparagement of character.

> That all parties in that action fully understood after the inception of the lawsuit that any settlement would include substantial amounts for libel, slander and disparagement of character.

Affidavit of Paul E. Thuet, April 19, 1985, ¶¶ 4, 5, 6.

Plaintiffs place considerable emphasis on the Tax Court's decision in *Church v. Commissioner,* 80 T.C. 1104 (1983). *Church* involved a libel action brought by a public figure for damage resulting from a newspaper article in which he was labelled a "communist." Based on the complaint, an amended complaint, and the evidence and arguments presented at trial, the court found that "the entire thrust of petitioner's case was how the libelous editorial affected him personally." *Id.* at 1108. Plaintiffs presumably cite the decision in *Church* because it contains considerable language to the effect that injuries arising in a profes-

sional and business context can cause personal, and therefore nontaxable, damages.

■ The Court has concluded that the entire amount of the settlement must be included as income, and will therefore grant defendant's motion for partial summary judgment. There is no genuine dispute over the fact that the settlement paid to plaintiff Paul Villaume was intended to cover lost income and related contractual and business damages. The complaint filed in the state court action contained no indication that the suit was intended to recover damages for personal injuries. Plaintiffs' argument that the complaint could and would have been amended to include a plea for personal injury damages is entirely unpersuasive and requires the Court to indulge in speculation. Moreover, plaintiffs' own descriptions of the state court action prior to defendant's motion in this case fail to indicate that it was intended to recover for personal injury. In plaintiffs' answer to defendant's interrogatories, plaintiff Paul Villaume stated that "[i]t is my position that one-sixth of the amounts of monies received by me ... represents ordinary income and the rest is compensation to me for punitive damages for interference with my contract relationships." Plaintiff Paul Villaume's Answer to Defendant's Interrogatory No. 1, January 10, 1985.[2] In the claim for refund which plaintiffs submitted prior to the institution of the present action, plaintiffs make no reference to injuries to Villaume's personal reputation. Instead, plaintiffs asserted in this claim that "it was apparent that the entire amount collected in this controversy by lawsuit was because of punative [sic] damages due the taxpayer because of the misconduct and bad faith of the defendants." Plaintiff's Complaint, Exhibit A. Under either of these two descriptions of the settlement, the entire amount would be taxable income.

Plaintiffs' reliance on *Church v. Commissioner* is misplaced. The decision in *Church* that plaintiff's damages award did not constitute income was based upon substantial evidence from the trial of the state court action that a major thrust of the action was to recover damages for personal injuries. In the present case, of course, the Court does not have the benefit of trial testimony and evidence to aid in determining the character of plaintiff Paul Villaume's suit. There is simply no competent evidence before the Court, however, that plaintiffs' suit in state court was a personal injury action. The *Church* decision is therefore clearly distinguishable.

Plaintiffs' attempt to characterize the settlement proceeds as compensation for personal injury rests solely on the affidavit submitted by plaintiffs' attorney in the state court action. Defendant argues that the affidavit is inadmissible under Fed.R. Civ.P. 56(e), which provides that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." The Court agrees with defendant that the affidavit is not admissible. Thuet's affidavit merely contains conclusory assertions that all of the negotiating parties were aware of Villaume's "claims" for personal injury damages, and that all parties understood that any settlement would include substantial amounts for these claims. The affidavit does not set forth any factual detail to support these assertions. Moreover, it makes no reference to the negotiations leading up to the actual settlement, or to the actual settlement itself. Thuet asserts that all of the parties knew that any settlement would have to include compensation for personal injury, but he does not specify the basis for this knowledge. For all of the above reasons, the Court will refuse to consider the affidavit.[3] Because there is no other evi-

---

**2.** Plaintiff Paul Villaume did state in this answer that "it became apparent" to him at some point in 1979 that the defendants in the state court

action "had made a statement of disparagement of my professional reputation."

**3.** The Court finds for the same reasons that the affidavit of plaintiff Paul Villaume is not admis-

dence that the settlement was intended to compensate for anything but lost income and related contractual damages, the Court must grant defendant's motion.

█ Even if the Court were to consider the affidavit of plaintiffs' attorney, however, it would still be compelled to grant defendant's motion. In *Whitehead v. Commissioner*, 41 T.C.Memo 1980–508 (1980), the tax court held that even if the taxpayer plaintiff could have established that a portion of his settlement was attributable to a personal tort claim, the entire settlement payment would be considered income since no allocation had been made between lost compensation and tort damages at the time of the settlement. This rule applies to the action before the Court. The parties did not specify at the time of settlement which portion of the settlement was attributable to lost income or business damages and which portion was attributable to personal injury damages. The Court will therefore treat the entire settlement payment as income.

Based on the foregoing, IT IS ORDERED that defendant's motion for partial summary judgment is granted.

sible. This affidavit merely alleges in conclusory fashion that plaintiff "claims" that the settlement proceeds "were for defamation, slander and disparagement." Affidavit of Paul E. Villaume, April 2, 1985, ¶ 2.