**Lilia MELANI, et al., Plaintiffs,**

v.

**BOARD OF HIGHER EDUCATION OF the CITY OF NEW YORK, Defendant.**

**No. 73 Civ. 5434 (LPG).**

United States District Court, S.D. New York.

March 7, 1986.

Special Master's Recommendations Feb. 14, 1986.

Judith P. Vladeck, of Vladeck, Waldman, Elias & Engelhard, P.C., New York City, for plaintiffs.

Norma Kerlin, Asst. Corp. Counsel, Office of the Corp. Counsel, New York City, for defendant.

MEMORANDUM DECISION

GAGLIARDI, Senior District Judge.

This application was brought on by order to show cause to require the defendant Board of Higher Education of the City University of New York, to distribute the settlement monies to the class members in accordance with the terms of the Consent Decree without any deductions for withholding taxes that may or may not be due and owing by the class members for federal, state, and city income taxes. In response to the application for the relief requested by the defendant, the taxing authorities disputed the jurisdiction of the Court to direct any relief as to them.

The Court referred the matter to the Special Master for his recommendations and report.

The Court, having received the report of the Special Master, confirms the recommendations contained in his report attached hereto.

■ The Court finds that it has no jurisdiction as to the taxing authorities, and, therefore, the application of the plaintiffs insofar as they are concerned is denied.

The defendant shall distribute the settlement funds expeditiously and in accordance with the amended Consent Decree.

So Ordered.

SPECIAL MASTER'S RECOMMENDATIONS RE: WITHHOLDING OF TAXES ON THE SETTLEMENT FUND

SOL SCHREIBER, Special Master.

## I.  INTRODUCTION

This action was commenced on December 20, 1973. The Complaint alleged discrimination in specific terms and conditions of employment at City University of New York. The Complaint sought injunctive, declaratory and compensatory relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII) and 42 U.S.C. § 1983 (Section 1983).

In June 1980 the Court held a trial limited to the issue of salary discrimination. In an opinion and order dated March 17, 1983 the Court held that the defendant had discriminated against the plaintiffs in the payment of salaries in violation of Title VII.

Subsequent to the March 17, 1983 opinion, the parties engaged in extensive settlement negotiations resulting in a Consent Decree eventually approved by order of the Court on July 20, 1984. The Consent Decree provided for various injunctive and declaratory relief as well as a settlement fund of $7,500,000 for compensatory relief. The Decree resolved in full all claims against the defendant by the plaintiffs involving alleged discrimination based on sex in violation of Title VII and Section 1983.

The $7,500,000 settlement fund was to be distributed as provided by the settlement decree and under the supervision of Sol Schreiber, Esq., Special Master.

Prior to any disbursement of the settlement fund, defendants raised the issue of whether all or any of the settlement monies are subject to federal, state and local income taxes, and, if so, whether withholding of all or a portion of the monies is required.

In response, plaintiffs sought an Order to Show Cause why the City University of New York, The Commissioner of Internal Revenue, The Directors of Taxation of the City and State of New York, The Director of the Division of Unemployment and Disability Insurance, and The Director of the Department of Labor and Industry should not agree to disburse the funds with no withholding of taxes.

By order of reference dated December 2, 1985 the matter was referred to Sol Schreiber, Esq., Special Master for his recommendations.

## II.

The parties to this action entered into a Consent Decree in order to resolve the action and all issues raised by the Complaint without the time and expense of additional litigation. The Consent Decree resolved in full all claims for damages, back pay, benefits, injunctive, declaratory and any other relief for alleged unlawful discrimination. (Consent Decree Section IV.(A))

Although the parties intended to settle all claims including the Title VII and Section 1983 claims, the agreement subsequently incorporated into the Consent Decree did not allocate the Settlement Fund between payments made in settlement of claims for back pay and interest thereon pursuant to Title VII and for personal injury pursuant to Section 1983. This omission gave rise to the issue presently before the Court. Lacking a specific allocation it is not possible to determine the appropriate amount of taxes to be withheld from a payment from the fund, and the entire settlement fund could be considered income for purposes of tax withholding. See, *Whitehead v. Commissioner,* 41 T.C.M. (CCH) 365 (1980); *Anderson v. Commissioner,* 38 T.C.M. (CCH) 1206 (1979); *Gunderson v. Commissioner,* 38 T.C.M. (CCH) 464 (1979). To facilitate the disbursement of the Settlement Fund and aid the respec-

tive parties in determining their obligations under the tax laws, the Consent Decree should be amended to provide for an allocation of payment between the settlement of claims for back pay, interest thereon, and damages for personal injury.

To make such an allocation many factors must be considered. The undersigned has reviewed and given weight to the plaintiffs' original claims, the relative strength of those claims, the previous opinion of this Court dated March 17, 1980, the opinions expressed by both parties during settlement negotiations with the special master and at the hearing before J. Gagliardi held April 16, 1985, the stipulation dated February 5, 1986 expressing the intent of both parties in settling this action, and above all, the stated purpose and dynamics of the Consent Decree.

The plaintiffs' original claims were for violations of both Title VII and Section 1983. The Section 1983 claims were dismissed by order of the Court dated June 23, 1976. Subsequent to the decision in *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). (which held that municipalities and other local government units are among those "persons" to whom the Civil Rights Act of 1981 applies) the plaintiffs made a motion to reinstate the Section 1983 claims. That motion was pending at the time of settlement. As the Consent Decree resolved all claim based on Title VII and Section 1983, it must be recognized that the parties and the Court proceeded under the assumption that the Section 1983 claim was part of the case.

As for the relative strength of the plaintiffs' claims, this Court has already expressed its opinion of the Title VII claims. *Melani v. Board of Higher Education of the City of New York,* 561 F.Supp. 769 (1983). Although the Section 1983 claims were not tried, it could be argued that the evidence and conclusion of violations of Title VII would have strongly supported such a claim.

The parties in good faith have entered into a stipulation regarding this issue (see Appendix B). As expressed therein, the intent of the parties was that the settlement fund was provided in consideration for settlement of claims for back pay and interest thereon and personal injuries. The parties have agreed that as to the Subclass I $4,000,000 fund and The Subclass II and III funds, two-thirds of the total fund was provided in consideration for settlement of claims for back pay and interest thereon and the remaining one-third of the total fund was provided in consideration for settlement of claims for personal injury. As to the Subclass I $1,300,000 fund, the entire fund was provided in consideration for settlement of claims for back pay and interest thereon.

Stipulated facts should weigh heavily in determining the proper allocation of the settlement fund. It is noted, however, that they are but one factor among many that the Court must consider. The expressed intent of the parties following settlement may not always be controlling on the issue of taxability. *Villaume v. U.S.,* 616 F.Supp. 185, 85–2 U.S.T.C. p. 9540 (D.C. Minn.1985).

The stated purpose of the Consent Decree is the resolution in full of all claims against the defendant by the plaintiffs involving alleged discrimination based on sex in violation of Title VII and Section 1983. (Consent Decree Section IV(a)) The Decree also states that the Complaint states claims which, if proved, would authorize the Court to grant relief pursuant to Title VII and Section 1983. (Consent Decree, Section II).

The Consent Decree provides for disbursement of the Settlement Fund according to a complex and dynamic plan. There are five separate and distinct subfunds within the Settlement Fund. Each subfund is designed to compensate a distinct subclass of plaintiffs and is allocated among that subclass according to specific criteria. The different subclasses and the subfunds designed to compensate those subclasses must be understood because the issue of taxability and withholding can be resolved

only in light of the intent of the parties in establishing each subfund.

### A. SUBCLASS I

Subclass I provides relief for women on the University's full-time instructional staff as of the effective date of the Decree. Subclass I members are entitled to share in a subfund of $4,000,000. The subfund is for payments in settlement of all claims of discrimination up to and including the effective date of the Decree. The criteria for determining a class member's share of the $4,000,000 subfund are length of service and current salary level. Those criteria were chosen under the assumption that if there was discrimination, the longer a plaintiff had served at CUNY the more discrimination she would have suffered and that any discrimination would have had a proportionately greater effect on those with higher salaries.

The $4,000,000 fund was for settlement of both Title VII and Section 1983 claims. Accordingly, a portion of the fund was designed to settle claims for back pay and interest thereon, and a lesser portion was for settlement of claims for personal injury.

Using the criteria previously discussed, it is the special master's recommendation that two-thirds of the $4,000,000 was intended to compensate for back pay and interest thereon pursuant to Title VII and that the remaining one-third was intended to compensate for personal injuries pursuant to Section 1983.

Members of Subclass I are also entitled to Future Salary adjustments. Those members who are not at the top of their salary schedule and who claim salary discrimination as of the date of the Consent Decree are, if the claim is accepted, entitled to an adjustment in their salary which will take effect on the first day of the semester following disposition of the claim. Those members who are at the top of their salary schedule and claim that they were discrimi-

nated in the payment of salary since Dec. 21, 1970 are entitled, if their claims are accepted, to share in a subfund of $1,300,000. Claims to share in this fund are in lieu of the salary adjustments for those not at the top of their salary schedule. Payments to eligible class members from this fund are clearly for settlement of claims for back pay and interest thereon. Their Section 1983 claims would have been realized by payments from the $4,000,000 subfund. Accordingly, the only allocation necessary under this fund is one between back pay and interest thereon.

### BACK PAY/INTEREST

A further allocation as between back pay and interest thereon must be made in order to permit a proper disbursement and withholding of taxes, as set forth below. Because the amount of back pay, and the years for which it will be awarded will differ among the plaintiffs, the amount of interest on back pay will also differ. For example, if A were to receive a $3,000 share of the $4,000,000 fund under these findings $1,000 would be for personal injury and $2,000 for back pay and interest on back pay. The ratio between back pay and interest on back pay will differ greatly depending on A's length of service, or the year for which an award was granted. Accordingly, a formula must be utilized to make the proper allocation of back pay and interest thereon on an individual basis.* The formula is based on the pre-judgment interest available in New York ($6/81$ to present = 9%; prior to $6/81$ = 6%. CPLR § 5004). Using those rates a present value factor is computed for each year. That factor is the reciprocal of the percent attributable to interest for that year. The percent attributable to an award is the average of the percent attributable to the years covered by the award. An application of the formula produces a chart which indicates the percentage of each award attributable to interest. (See chart contained

---

\* The special master retained an accounting firm to assist in the development of an equitable formula.

in the addendum to the Consent Decree (Appendix A)).

## B. SUBCLASS II

Subclass II consists of women severed from employment on the University's full-time instructional staff during the period from Dec. 21, 1970 to the effective date of the Decree. Members of this subclass are entitled, if their claim is accepted, to share in a fund of $1,700,000. The members' share of this fund depends on the number and type of claim they make. They can claim discrimination in their salary (one point per year), tenure, non-appointment or retrenchment, or promotion or appointment to a higher title. Each one of these claims is given a separate value, and the member's share equals the aggregate of points she is granted.

Once again, the issue of allocation arises. Subclass II members are entitled to recover for forfeiture of both Title VII and § 1983 claims, therefore, any recovery by a Subclass II member will include recovery for both types of claims.

Based on the same factors as used in allocating Subclass I recoveries, it is recommended that two-thirds of any Subclass II recovery is for settlement of claims for back pay and interest thereon pursuant to Title VII and the remaining one-third is for settlement of claims of personal injury pursuant to Section 1983. The interest formula previously discussed should be used to allocate the two-thirds between back pay and interest thereon.

## C. SUBCLASS III

Subclass III members are unsuccessful female applicants for a position on the University's full-time instructional staff during the period from December 21, 1970 to the effective date of the Decree. Members of this subclass are entitled, if their claims are accepted, to share in the $350,000 subfund. The amount of payment to each member will be calculated by dividing the amount of the fund by the number of subclass claimants entitled to share in it.

The Consent Decree settled all Subclass III claims for alleged discrimination based on sex in violation of Title VII and Section 1983. Accordingly, any payment under this fund must be allocated between settlement for personal injury and back pay and interest thereon. The amounts for back pay and interest thereon is in settlement of claims for compensation for the loss of prospective employment. Rev.Rul. 78–176. The same one-third/two-thirds allocation and the interest formula used in allocating the other funds is appropriate for this fund.

## D. RELIEF FOR NAMED PLAINTIFFS

In order to acknowledge the contribution of time, effort and expense of the named plaintiffs in representing the class, the named plaintiffs will receive "symbolic payments" ranging from $1,000.00 to $3,500.00 each. A fund of $50,000.00 was provided for this purpose. The fund is not for remuneration for employment nor for settlement of claims for back pay, interest on back pay or personal injury. Accordingly, an allocation of this fund is not necessary.

## III. ADDENDUM TO THE CONSENT DECREE

The Consent Decree should be amended to reflect these recommendations. The proposed addendum (Appendix A) allocates the portions of each payment from the fund into one of three categories; recovery for settlement of claims for personal injury pursuant to Section 1983, settlement of claims for back pay and settlement of claims for interest on back pay both pursuant to Title VII. The allocation will serve to apprise all parties of the nature of the payments they are to pay or receive and therefore will aid in their determining the amount to be withheld from payments or to be paid as taxes.

## IV. QUESTIONS OF LAW

The Court must address two questions of law. First, are the payments, or any portion thereof, income? Second, if they are

income, what amount, if any, should the defendant withhold from each payment for taxes pursuant to federal, state and local tax law?

### A. INCOME—

I.R.C. § 61 provides that "except as otherwise provided ... gross income means all income from whatever source derived."

I.R.C. § 104(a)(2) provides that damages received by suit or agreement on account of personal injuries are not includable as income. Treasury Regulation § 1.104–1(c) provides that for purposes of I.R.C. § 104(a)(2) the phrase "damages received" means an amount received through prosecution of a legal suit or action based upon tort type rights, or through a settlement entered into in lieu of such prosecution. I.R.C. § 104(a)(2) also encompasses non-physical injuries. *Seay v. Commissioner*, 58 T.C. 32 (1972).

Accordingly, all payments which are allocated as settlement for claims of back pay or interest on back pay are income. Payments made to the named plaintiffs are income. All payments which are allocated as settlement of claims for personal injury under Section 1983 are not income.

### B. WAGES—WITHHOLDING—

The defendant is required to withhold the appropriate amounts from any payment which is the equivalent of wages. I.R.C. § 4941 (1976); N.Y.Tax Law § 366 (McKinney 1985). I.R.C. § 3121(a), 3306(b) and 3401(a) define wages as remuneration for employment. Payments for settlement of claims for back pay are wages. Rev.Rul. 84–92; Rev.Rul. 80–364; Rev.Rul. 72–341. Payments for settlement of claims for interest on back pay are not wages. Rev. Rul. 80–364. Amounts for interest payable under a settlement (when separately stated) are not subject to Federal, State, local or FICA tax withholding because they are not "wages" paid for employment, however, such interest is taxable. Dept. Labor Release, June 4, 1985. Accordingly, the defendant is required to withhold the appropriate amount from that portion of a payment which is allocated for back pay.

### V. CONCLUSION

An addendum to the Consent Decree is necessary in order for the defendant to determine the amount of taxes to be withheld from each payment from the fund and to effectuate the true intent of the parties. Accordingly, the Special Master recommends that the Consent Decree should be amended to include a clause which allocates the portions of individual payments from the fund into settlements for claims for back pay, interest thereon and personal injury.

| PERIOD OF YEARS COVERED BY AWARD | PERCENTAGE TO BE USED — LAST YEAR IN PERIOD OF AWARD | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 1971 | 1972 | 1973 | 1974 | 1975 | 1976 | 1977 | 1978 | 1979 | 1980 | 1981 | 1982 | 1983 | 1984 |
| 1 | 0.588 | 0.562 | 0.536 | 0.508 | 0.479 | 0.447 | 0.414 | 0.379 | 0.342 | 0.303 | 0.261 | 0.216 | 0.158 | 0.082 |
| 2 | | 0.575 | 0.549 | 0.522 | 0.493 | 0.463 | 0.431 | 0.397 | 0.361 | 0.322 | 0.282 | 0.239 | 0.187 | 0.120 |
| 3 | | | 0.562 | 0.535 | 0.508 | 0.478 | 0.447 | 0.414 | 0.379 | 0.341 | 0.302 | 0.260 | 0.212 | 0.152 |
| 4 | | | | 0.548 | 0.521 | 0.493 | 0.462 | 0.430 | 0.396 | 0.360 | 0.321 | 0.280 | 0.234 | 0.179 |
| 5 | | | | | 0.534 | 0.507 | 0.477 | 0.446 | 0.412 | 0.377 | 0.340 | 0.300 | 0.256 | 0.204 |
| 6 | | | | | | 0.520 | 0.491 | 0.461 | 0.428 | 0.394 | 0.358 | 0.319 | 0.276 | 0.227 |
| 7 | | | | | | | 0.505 | 0.475 | 0.444 | 0.410 | 0.375 | 0.338 | 0.296 | 0.249 |
| 8 | | | | | | | | 0.489 | 0.459 | 0.426 | 0.392 | 0.355 | 0.315 | 0.269 |
| 9 | | | | | | | | | 0.473 | 0.441 | 0.408 | 0.372 | 0.333 | 0.289 |
| 10 | | | | | | | | | | 0.456 | 0.423 | 0.389 | 0.351 | 0.308 |
| 11 | | | | | | | | | | | 0.438 | 0.404 | 0.368 | 0.326 |
| 12 | | | | | | | | | | | | 0.420 | 0.384 | 0.344 |
| 13 | | | | | | | | | | | | | 0.400 | 0.361 |
| 14 | | | | | | | | | | | | | | 0.377 |

EXAMPLE 1

CLAIMANT WORKED 1970–1973 (4 YEARS)

ASSUME $100 RECEIVED EACH YEAR

| YR | PAYMENT | WAGES | INTEREST |
|---|---|---|---|
| 70–71 | 100 | 0.412 | 0.588 |
| 71–72 | 100 | 0.438 | 0.562 |
| 72–73 | 100 | 0.464 | 0.536 |
| 73–74 | 100 | 0.492 | 0.508 |
| | 400 | 180.6 | 219.4 |

EXAMPLE 2

OR 1970–1972 & 1978–1980 (4 YEARS INTERRUPTED SERVICE)

| YR | WAGES | INTEREST |
|---|---|---|
| 70–71 | 0.412 | 0.588 |
| 71–72 | 0.438 | 0.562 |
| 78–79 | 0.658 | 0.342 |
| 79–80 | 0.697 | 0.303 |
| | 220.5 | 179.5 |

PERCENTAGE REPRESENTING INTEREST =

$$\frac{219.4}{400.00} = 0.548 \qquad\qquad \frac{179.5}{400.00} = 0.449$$

## APPENDIX A

### ADDENDUM

Payments made to the named plaintiffs and class members pursuant to this Decree will be made according to the following allocations:

I. Subclass I

A. The $4,000,000 Fund.

1. Two-thirds of the total payment to each claimant under this fund is made in settlement of claims for back pay and interest thereon pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

a. The ratio of back pay to interest thereon will differ among the claimants, thus accordingly the following chart should be used to determine the percentage of each award attributable to interest.

2. One-third of the total payment to each claimant under this fund is made in settlement of claims for personal injury pursuant to 42 U.S.C. § 1983.

B. The $1,300,000 Fund

1. The total payment to each claimant under this fund is made in settlement of claims for back pay and interest thereon pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

a. The ratio of back pay to interest thereon will be determined according to the chart found at I(A)(1)(a) of this addendum.

II. Subclass II and III

1. Two-thirds of the total payment to each claimant under these funds is made in settlement of claims for back pay and interest thereon pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

a. The ratio of back pay to interest thereon will be determined according to the chart found at I(A)(2)(a) of this addendum.

2. One-third of the total payment to each claimant under these funds is made in settlement of claims for personal injury pursuant to 42 U.S.C. § 1983.

## APPENDIX B

## STIPULATION

WHEREAS, Plaintiffs have moved before this Court for an Order to Show Cause why the entire $7.5 million settlement fund should not be distributed to the plaintiffs without withholding of taxes, and

WHEREAS, this matter has been referred by the Court to Sol Schreiber, Esq., Special Master by Order of Reference dated December 2, 1985.

IT IS HEREBY AGREED, that the following Stipulation be offered to the Court and to the Special Master for their consideration:

Counsel for both parties agree that while no allocation of the settlement fund was specifically expressed by the parties at the time of settlement, it was their intent that the settlement fund was provided in settlement of claims for both back-pay and interest thereon pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and for claims for personal injury pursuant to 42 U.S.C. § 1983.

Agreed to:

FREDERICK A. O. SCHWARZ, JR.
Corporation Counsel of The
City of New York

By: ___/s/ Norma Kerlin___
Date: ___February 4, 1986___

Counsel for both parties further agree that the following allocation fairly and accurately reflects their intentions:

I. Subclass I

A. The $4,000,000 Fund.

1. Two-thirds of the total amount of this fund was made in settlement of claims for back-pay and interest thereon pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

2. One-third of the total amount of this fund was made in settlement of claims for personal injury pursuant to 42 U.S.C. § 1983.

B. The $1,300,000 Fund.

1. The total amount of this fund was made in settlement of claims for back-pay and interest thereon pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

II. Subclass II and III

1. Two-thirds of the total amount of these funds was made in settlement of claims for back-pay and interest thereon pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

2. One-third of the total amount of these funds was made in settlement of claims for personal injury pursuant to 42 U.S.C. § 1983.

VLADECK, WALDMAN, ELIAS
and ENGELHARD
Attorneys for Plaintiffs

By: ___/s/ Judith P. Vladeck___
Date: ___Feb. 5, 1985___