Marcos Che CUCUL, Luis Humberto Guardado, Carlos Tzi Beb, Yovani Guardado, Plaintiffs,

v.

GURBIR–TANU, LLC d/b/a/ Mumbai Chopstix, One World Cuisine Group, LLC a/k/a One World Cuisine, LLC, Surinder Singh, Amrik Singh Pabla, Defendants.

Civil Action No. 12–11990–RBC.

United States District Court, D. Massachusetts.

June 17, 2013.

John N. Lewis, Newton, MA, for Gurbir–Tanu LLC.

Audrey R. Richardson, Greater Boston Legal Services, Boston, MA, for Carlos Tzi Beb.

*MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION TO DISMISS DEFENDANTS GURBIR-TANU, LLC D/B/A MUMBAI CHOPSTIX AND SURINDER SINGH'S COUNTERCLAIM (# 21)*

COLLINGS, United States Magistrate Judge.

## I. Introduction

This matter is before the Court on the plaintiffs' motion to dismiss the counterclaim asserted by certain defendants. (# 21). The plaintiffs, Marcos Che Cucul, Luis Humberto Guardado, Carlos Tzi Beb, and Yovani Guardado, (collectively, "the plaintiffs") filed this suit pursuant to the Massachusetts Minimum Wage Act, Mass. Gen. L. c. 151 § 1 (Count I), and the overtime provision of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a) (Count II), to recover the full amount of wages allegedly owed to them by the defendants.

In their answers (## 12, 14), defendants Gurbir-Tanu, LLC d/b/a Mumbai Chopstix and Surinder Singh (collectively, "the counterclaim defendants")[1] assert a counterclaim against the plaintiffs for monies that the defendants purportedly were required to withhold from the plaintiffs' wages for payment of state and federal taxes, but did not, allegedly at the plaintiffs' behest. Further, should the plaintiffs be successful in their wage claims, the counterclaim defendants seek by way of counterclaim to deduct from any judgment the amount that should be withheld from plaintiffs' wages for taxes in order to transmit that amount to the state and federal taxing authorities. The plaintiffs have moved to dismiss the counterclaim.

## II. Factual Background

The following facts are gleaned from the complaint (# 1) and the answers (## 12, 14). Defendants are Gurbir-Tanu, LLC, doing business as "Mumbai Chopstix," and One World Cuisine Group, LLC, also known as "One World Cuisine, LLC."[2] The individual defendant, Surinder Singh, held a management position in the business defendants.[3] Plaintiffs are all residents of Allston, Massachusetts.

The plaintiffs were employed by defendants for varying periods of time between April 2010 and November 2011. The plaintiffs claim that they received weekly paychecks ranging from $375 to $475 per week with no deductions for state and federal taxes while regularly working over 70 hours per week, wages averaging to less than the $8.00 per hour required by state minimum wage law.[4] The plaintiffs allege that they did not receive any overtime pay and that the defendants' failure to pay overtime was knowing and wilful. The plaintiffs have brought suit to recover the compensation they contend they should have received under the FLSA and the Massachusetts Minimum Wage Act.

The counterclaim defendants have filed a counterclaim to recover the sums they potentially should have withheld from plaintiffs' paychecks for state and federal taxes, but did not. They also seek, as a contingent claim, the right to withhold the amount of all applicable taxes from any

---

1. The "counterclaim defendants" refers only to the defendants asserting the counterclaim at issue. Otherwise, the Court refers to the defendants collectively as "the defendants."

2. One World Cuisine Group, LLC, also known as One World Cuisine, LLC, is named as a party-defendant in the complaint but is not named as a plaintiff in the counterclaim.

3. The other individual defendant, Amrik Singh Pabla, is not named as a plaintiff in the counterclaim.

4. The counterclaim defendants allege that the plaintiffs "each requested to be paid as contract labor and were paid as contract labor." (# 12, Counterclaim ¶ 2)

award of lost wages that the plaintiffs recover in this litigation. The plaintiffs (all of whom are named as defendants-in-counterclaim) have moved for dismissal of the counterclaim pursuant to Rule 12(b)(6), Fed.R.Civ.P., for failure to state a claim.

### III. Standard Of Review

A Rule 12(b)(6) motion to dismiss challenges a party's complaint for failing to state a claim. In deciding such a motion, a court must " 'accept as true all well-pleaded facts set forth in the complaint and draw all reasonable inferences therefrom in the pleader's favor.' " *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir.2011) (quoting *Artuso v. Vertex Pharm., Inc.*, 637 F.3d 1, 5 (1st Cir.2011)). When considering a motion to dismiss, a court "may augment these facts and inferences with data points gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." *Haley*, 657 F.3d at 46 (citing *In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 15 (1st Cir.2003)).

In order to survive a motion to dismiss under Rule 12(b)(6), the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The "obligation to provide the grounds of [the plaintiff's] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555, 127 S.Ct. 1955 (quotation marks and alteration omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level," and to cross the "line from conceivable to plausible." *Id.* at 555, 570, 127 S.Ct. 1955.

"A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). However, the court is " 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Id.* at 678, 129 S.Ct. 1937(quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955). Simply, the court should assume that well-pleaded facts are genuine and then determine whether such facts state a plausible claim for relief. *Id.* at 679, 129 S.Ct. 1937.

### IV. Discussion

While the counterclaim defendants cite two statutory references and one IRS Bulletin [5] in support of their claims, they offer no supporting case law. However, the claims are not entirely unprecedented. *See Renteria v. Italia Foods, Inc.*, 2003 WL 21995190 (N.D.Ill., Aug. 21, 2003). In *Renteria*, the plaintiffs filed suit against their former employer to recover the additional overtime wages they should have been paid under FLSA (an additional 50% of their hourly wage). *Id.* at *2. For a portion of the relevant period, the defendants withheld from the paychecks the proper amount for taxes, but eventually stopped deducting for unknown reasons. *Id.* at *5. The defendants essentially argued that (1) any wages paid in the judgment should be net of taxes, not gross, and (2) that the court should deduct from the total judgment amounts they should previously have withheld, but had not done so. *Id.* at 6–7.

### A. Sums to be withheld on minimum wage and overtime compensation

The court in *Renteria* agreed with the defendants' first argument, finding that the plaintiffs "[were] not entitled to receive

---

**5.** The Court was unable to find the referenced IRS Bulletin at the website indicated in the counterclaim defendants' memorandum. (# 29 at 1)

delinquent overtime compensation 'tax free.'" *Id.* at *2 (quoting Rev. Rul. 72–268, 1972–1 C.B. 313, 1972 WL 29856). It was determined that the defendants "may deduct, as required by law ... any taxes they would have been required to withhold from the delinquent amounts had they been paid normally." *Id.* Pursuant to Illinois law, this conclusion was applied to both federal and state taxes. *Id.*

Revenue Ruling 72–268 states that "since the payments of unpaid minimum wages and unpaid overtime compensation were 'remuneration for employment', it is held that the payments are 'wages' for purposes of the Federal Insurance Contributions Act, the Federal Unemployment Tax Act, and the Collection of Income Tax at Source on Wages, whether the amounts are paid as a result of a judgment of a court or in accordance with a stipulation or settlement reached by the parties involved." Similar to Illinois, Massachusetts tax law links state taxes to this federal requirement, *see* 830 C.M.R. § 62B.2.1(3), which states that income that is taxable under the Massachusetts personal income tax law and is eligible for federal withholding under 26 U.S.C. § 3401(a), is also eligible for withholding.

■ Under *Renteria*, any compensation received by the employee must be reduced by the amount of federal and state taxes that should properly be withheld, as that compensation is still considered "wages." Applying this rationale to the case at bar, any further compensation, i.e., wages, the plaintiffs receive for their work, be it through judgment of a court or a settlement, must be net of taxes. Other courts have reached the same conclusion. *See, e.g., Rivera v. Baker West, Inc.,* 430 F.3d 1253,1259 (9th Cir.2005) ("Baker properly withheld the tax from Rivera's settlement payments."); *Mayberry v. United States,* 151 F.3d 855, 860 (8th Cir.1998) ("[F]unds distributed to Michael Mayberry under the

settlement constituted 'wages' within the meaning of the statutory wage tax provisions, and FICA taxes were properly withheld."); *Cheetham v. CSX Transportation,* 2012 WL 1424168, at *3 (M.D.Fla., Feb. 13, 2012) (*report and recommendation adopted by* 2012 WL 2571247 (M.D.Fla., Mar. 7, 2012) ("[C]ourts have repeatedly held that awards that reflect compensation that would have been paid to the employee, i.e. back pay or future pay, constitutes 'wages' subject to withholding obligations.")); *Archie v. Grand Cent. Partnership, Inc.,* 86 F.Supp.2d 262, 273 (S.D.N.Y.2000) ("[T]he courts are generally of one mind that withholding from back wages must be made, whether in the FLSA context or analogous employment discrimination contexts." (compiling cases)); *Melani v. Board of Higher Education of the City of New York,* 652 F.Supp. 43, 48 (S.D.N.Y.1986), *aff'd,* 814 F.2d 653 (2nd Cir.1987) (Table) ("Accordingly, the defendant is required to withhold the appropriate amount from that portion of a payment which is allocated for back pay."). Indeed, the plaintiffs do not argue otherwise in either of their memoranda. (## 21, 35)

The claim that any future award constituting wages should be net of taxes is in the nature of a recoupment. To the extent the counterclaim incorporates such a recoupment claim, it shall not be dismissed.

**B. Sums that employer is alleged to have improperly failed to withhold**

■ In *Renteria,* the defendants' second argument, that being that the amounts the employers failed to withhold from the plaintiffs' paychecks should also be deducted from any final judgment, was found to be unavailing. The Court looked to 29 U.S.C. § 207(h)(2), the FLSA provision permitting an employer to credit certain payments against overtime compensation

due, and found that "[t]he statute is specific in what types of payments are permissible credits against overtime pay; delinquent withholding deductions are not among them." *Renteria*, 2003 WL 21995190, at *3.

Moreover, the Internal Revenue Code is clear that the employer is responsible for deducting federal and state income taxes from an employee's paycheck and for paying it. *See* 26 U.S.C. § 3402(a)(1) ("every employer making payment of wages shall deduct and withhold upon such wages a tax determined ... by the Secretary."); Treas. Reg. § 31–3403–1 ("Every employer required to deduct and withhold the tax ... from the wages of the employee is liable for the payment of such tax whether or not it is collected from the employee by the employer."). FICA taxes are also required to be collected "by the employer of the taxpayer, by deducting the amount of the tax from the wages *as and when paid.*" 26 U.S.C. § 3102(a) (emphasis added). "Every employer required so to deduct the tax shall be liable for the payment of such tax...." 26 U.S.C. § 3102(b); *Jean v. U.S.*, 396 F.3d 449, 453 (1st Cir. 2005) ("The Internal Revenue Code requires employers to withhold federal income taxes from their employees' wages. *Slodov v. United States*, 436 U.S. 238, 242–43, 98 S.Ct. 1778, 56 L.Ed.2d 251 (1978); *see* 26 U.S.C. §§ 3102(a), 3402(a).... 'An employer who fails to pay taxes withheld from its employees' wages is ... liable for the [unpaid] taxes....' *Id.*"). The Supreme Court has held that "the burden of the tax ... will normally rest upon the employee, but the Commissioner of Internal Revenue may proceed to collect it from the employer *whether or not he has deducted it from the wages of the employee.*" *United States v. State of New York*, 315 U.S. 510, 515, 62 S.Ct. 712, 86 L.Ed. 998 (1942) (emphasis added). Additionally, federal law explicitly prevents an employer recovering from an employee when the employer treated such employee as "not an employee" and therefore failed to deduct and withhold the requisite taxes. *See* 26 U.S.C. § 3509(d)(1)(B) ("the employer shall not be entitled to recover from the employee any tax so determined....").

In short, there is simply no legal authority which entitles an employer to recover from an employee tax amounts that the employer neglected to withhold. To the extent that the counterclaim incorporates such a claim, it shall be dismissed.

### C. Unjust Enrichment

■ The counterclaim defendants additionally argue that by not having deducted the amounts due for taxes from the plaintiffs' wages already paid, they could be held liable and the plaintiffs will be unjustly enriched. The facts of this case do not support such a claim. Employees are not cleared of government tax liability merely because the employer failed to withhold taxes. *See* 26 U.S.C. § 3402(d) (if employee pays tax which should have been withheld, employer is relieved of liability); *Latos v. Comm'r*, 94 T.C.M.(CCH) 257 (2007) ("[F]ailure of an employer to withhold the tax did not lessen the taxpayer's obligation to report and pay tax on the income given.") (citing *Church v. Comm'r of Internal Revenue*, 810 F.2d 19 (2d Cir. 1987)). An unjust enrichment claim under Massachusetts law requires " 'unjust enrichment of one party and unjust detriment to the other party.' " *Bushkin Assocs., Inc. v. Raytheon Co.*, 906 F.2d 11, 15 (1st Cir.1990) (quoting *Salamon v. Terra*, 394 Mass. 857, 859, 477 N.E.2d 1029, 1031 (1985)). Here, it cannot be said that the plaintiffs have been unjustly enriched when they will still be liable for the tax burden when the proper authorities come to collect.

### V. Order

For all the reasons stated, it is ORDERED that the plaintiffs' Motion To Dis-

miss Defendants Gurbir–Tanu, LLC d/b/a Mumbai Chopstix and Surinder Singh's Counterclaim (# 21) be, and the same hereby is, ALLOWED in part and otherwise DENIED as per the ruling herein.